IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Rodney R. Page, #266042, )
) C.A. No. 3:09-2199
            Petitioner, )
)
vs. )
) **ORDER AND OPINION**
Cecelia Reynolds, )
)
            Respondent. )
)

Petitioner Rodney R. Page is an inmate who is currently housed at the Kershaw Correctional Institution. On August 21, 2009, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence entered on December 17, 2008. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On September 3, 2009, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's case be dismissed without prejudice and without issuance and service of process for failure to exhaust state remedies. On September 14, 2009, Petitioner filed objections to the Report and Recommendation.

**BACKGROUND**

On December 17, 2008, Petitioner pleaded guilty to Assault and Battery of a High and Aggravated Nature in the Lexington County Court of General Sessions. Petitioner was sentenced to ten years incarceration, suspended to five years incarceration and five years probation. Petitioner indicates that he did not file a direct appeal, but that he filed an application for post-conviction relief in June 2009. Petitioner states that he has "received no response" regarding his post-conviction relief action, but claims that he has appealed his conviction to the highest state court having

jurisdiction. Compl. at 5. Petitioner's answer to question fifteen of his petition for writ of habeas corpus indicates that his post-conviction relief case remains pending.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Petitioner objects to the Magistrate Judge's Report and Recommendation arguing that he is not required to exhaust his state remedies in this case because his "sole federal remedy is a writ of habeas corpus." Entry 8 at 1. Petitioner also claims that a "Civil Rights Act [] action can be brought without exhaustion of state remedies." Entry 8 at 1. Petitioner cites *Prieser v. Rodriguez*, 411 U.S. 475 (1973), for these propositions.

The habeas corpus statute requires that state remedies be exhausted before a federal court may grant habeas corpus relief to a state prisoner. *Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir. 1977). Title 28, United States Code, Section 2254(b) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

*Id.* "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997). The exhaustion requirement

2

is based upon the notion that states "should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The *Prieser* case indicates that when a state prisoner "challeng[es] the very fact or duration of his physical imprisonment," a remedy under the Civil Rights Act is not available and the prisoner's sole federal remedy is a writ of habeas corpus. 411 U.S. at 500. Petitioner, who seeks a new trial and sentence (Compl. at 15), therefore does not have a remedy under the Civil Rights Act. Moreover, contrary to Petitioner's contention, Petitioner must exhaust his state court remedies prior to seeking habeas relief. *See Prieser*, 411 U.S. at 477 (stating that a state prisoner cannot seek habeas relief from a federal court until he has "first sought and been denied relief in the state courts, if a state remedy is available and adequate."). As the Supreme Court stated in *Heck v. Humphrey*, 512 U.S. 477 (1994): "*Prieser* did *not* create an exception to the 'no exhaustion' rule of § 1983; it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement." *Id.* at 481 (emphasis in original).

The court, having carefully reviewed the record, concurs with the Magistrate Judge that Petitioner has not yet exhausted his state court remedies because his post-conviction action is still pending in state court. Accordingly, summary dismissal is appropriate.

## **CONCLUSION**

The within petition for writ of habeas corpus is dismissed without prejudice and without issuance and service of process upon Respondent. The court adopts the Report and Recommendation and incorporates it herein by reference. The court denies Petitioner a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(b)(2).

    **IT IS SO ORDERED.**

                                      <u>s/ Margaret B. Seymour</u>
                                      The Honorable Margaret B. Seymour
                                      United States District Judge

May 13, 2010
Columbia, South Carolina